IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-21 Erie |
| ) | |
| RASHAAN LATEEF ARNEY ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

The defendant has filed a Position with Respect to Sentencing Factors, advocating that a sentence within the advisory Sentencing Guideline range is greater than necessary to achieve the goals of sentencing. The defendant's argument should be rejected by the Court, and a sentence within the advisory Guideline range is appropriate.

The crux of the defendant's argument is that the most time he has spent in jail on his previous nine criminal convictions is six months. Thus, he claims that it would be improper to sentence him within the advisory range of 140 to 175 months because such a sentence would vastly exceed his prior sentences.

The defendant's argument fails because it inordinately focuses on his prior sentences to the exclusion of all other

factors required to be considered by this Court.  Consideration of all of the relevant sentencing factors supports a sentence within the Guideline range.  This Court is free to sentence the defendant, after consideration of the guidelines and other statutory factors, to any legal sentence that the Court deems just.  If this Court sees the wisdom of the sentence recommended by the expert Sentencing Commission's Guidelines, it certainly may impose a sentence consistent with those Guidelines, after considering all of the statutory factors in Title 18, United States Code, Section 3553(a). Section 3553 provides in pertinent part as follows:

> (a) **Factors to be considered in imposing a sentence**.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for–

>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
>     (I) issued by the Sentencing Commission...
> (5) any pertinent policy statement-
>   (A) issued by the Sentencing Commission ...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553.

The nature and circumstances of Arney's offense as well as his history and characteristics, support a sentence in the range of 140 to 175 months. As this Court is aware, the EAGLE task force was conducting an investigation into the activity of Cleveland, Ohio area drug dealers who were believed to be distributing crack cocaine in and around the Erie, Pennsylvania area. On November 9, 2004, the defendant sold approximately two ounces of crack cocaine to a confidential government information in exchange for $1850.00.

The defendant's history reflects that since the age of 18 he has been arrested 11 times, resulting in 9 adult convictions. The defendant's prior criminal history and his performance within the criminal justice system over the last 9 years paints a disturbing picture. Arney's history reflects utter contempt for the criminal justice system. His prior convictions resulted from conduct including the possession of crack cocaine which he

attempted to swallow to conceal from law enforcement officers; lying to police about his identity; assaulting a police officer by punching him in the chest during an arrest; fleeing from police; failing to report to parole authorities after being paroled from his earlier conviction of assaulting the police officer; and unauthorized use of a vehicle. The defendant's performance while serving sentences for his prior convictions include six occasions where warrants had to be issued for his arrest for violating the conditions of his parole or probation. In fact, Arney's parole/probation status had to be revoked twice on 2 of his previous convictions.

Although the highest sentence Arney received from the his previous convictions was six months, Arney's history reflects why those sentences were too lenient, not why this court's sentence ought to be lenient as well. The nature and circumstances of this case are quite serious. Arney has graduated from his history of state criminal offenses and has now become a relatively large scale crack cocaine distributor. Rather than benefit from his years in the criminal justice system, Arney has developed into a more significant criminal. The history and characteristics of this defendant in no way cry out for leniency. On the contrary, Arney's history and characteristics have earned him a lengthy federal sentence.

The defendant's request for the Court to focus its' sentencing consideration exclusively on the length of his prior

sentences, also fails to consider the need for the recommended sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.  Each of these factors weigh in favor of a sentence within the Guidelines range.

As this court considers the need to avoid unwarranted disparities among defendant's with similar backgrounds and similar conduct, the structure and advice of the Sentencing Commission provides sound guidance.  This Court will continue to issue sentences to defendant's who are similarly situated to Mr. Arney.  In cases such as this one where consideration of the other statutory factors in Section 3553 do not weigh in favor of the defendant, a Guideline range sentence is reasonable.

Arney claims that the mandatory minimum sentence of 120 months is sufficient punishment for him.  This minimum punishment, however, apples to any individual who is convicted of a drug trafficking offense involving 50 grams or more of crack cocaine.  A defendant with nor prior drug dealing convictions, and even with no prior involvement with law enforcement whatsoever, would face the 120 month sentence.  To impose such a sentence on Arney would completely disregard the sentencing factors set forth in Section 3553, which properly consider salient factors that are necessary to arrive at an appropriate sentence.  Each of those factors weigh against Arney and call for a sentence higher than the mandatory

minimum. In this regard, the Sentencing Guideline calculations are a product of considered wisdom, and in this case, call for an appropriate sentence.

The defendant's Position with Respect to Sentencing Factors should be rejected.

                                      Respectfully submitted,

                                      MARY BETH BUCHANAN
                                      United States Attorney


                                      s/Marshall J. Piccinini
                                      MARSHALL J. PICCININI
                                      Assistant U.S. Attorney
                                      PA ID No. 56362