```
               IN THE UNITED STATES DISTRICT COURT

           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

                         ERIE DIVISION

                            - - -

United States of America       :

     -VS-                      : Criminal NO.:  05-21 Erie

RASHAAN LATEEF ARNEY           :

                            - - -

     Sentencing of RASHAAN LATEEF ARNEY, taken before
Judge Maurice Cohill, on Monday, March 13, 2006, at the
United States Federal Courthouse, Courtroom "B", 17 South
Park Row, Erie, Pennsylvania, 16501, commencing at 1:30 p.m.
and concluding at 1:50p.m.

                            - - -

APPEARANCES:

For the United States of America:
Marshall Piccinini, Esquire


For the Defendant, Rashaan Lateef Arney
Thomas Patton, Esquire


              REPORTED BY:  DENICE A. GRILL, RMR
              FERGUSON & HOLDNACK REPORTING, INC.
```

```
 1                    P R O C E E D I N G S
 2
 3           THE COURT:  Good afternoon.  Be seated,
 4   please.
 5           MR. PICCININI:  Good afternoon, your Honor.
 6           MR. PATTON:  Good afternoon.
 7           THE COURT:  This is the time set for the
 8   sentencing of Rashaan Lateef Arney.  And I take it,
 9   Mr. Patton, you both received and reviewed the
10   presentence report?
11           MR. PATTON:  That is correct, your Honor.
12           THE COURT:  I've reviewed the position filed
13   by Mr. Patton on behalf of his client, and also the
14   position papers paper filed by Mr. Piccinini on
15   behalf of the Government.
16           And I've also, of course, read the presentence
17   report that will be placed as part of the record
18   under seal.  If an appeal is taken, counsel on appeal
19   will be permitted to access to the report.
20           I am not aware of any information that has
21   been withheld from the defendant.
22           In the wake of the recent decision by the
23   United States Supreme Court in United States v.
24   Booker, the Sentencing Guidelines are now advisory
25   only.  But we do feel obligated to consult those
```

```
 1       guidelines in determining the imposition of a
 2       reasonable sentence.
 3            Neither side filed any objections to the
 4       presentence report, so we'll make the following
 5       findings with respect to that report.
 6            We find that the appropriate offense level
 7       here is 29 and the criminal history category is Roman
 8       Numeral five.  Thus, the applicable guideline range
 9       is: 140 to 175 months' imprisonment; supervised
10       release of five years; a fine in the range of $15,000
11       to $4,000,000; a special assessment of $100.
12            At this time, Mr. Patton, is there anything
13       you wish to say on behalf of your client?
14            MR. PATTON:  Yes, your Honor.  I know we've
15       gone through similar arguments this morning when we
16       sentenced -- when you sentenced Mr. Bennafield and
17       Mr. Fleetwood, however, I still submit that it is an
18       exercise at your discretion when deciding what is a
19       sufficient sentence, but not greater than necessary
20       sentence to impose on Mr. Arney to achieve the
21       sentencing goals as set forth in Title 18 United
22       States Code section 3553.
23            And I believe it is appropriate if you look at
24       Mr. Arney and see that the longest period of
25       incarceration, the longest that he served is six
```

1    months.  If you total up all the time he spent
2    incarcerated in his entire life, it's around 14
3    months.  And when you consider he is looking now at a
4    mandatory minimum sentence of ten years, that is
5    obviously a massive increase above and beyond any
6    sentence that he has been sentenced up to this date.
7         And so while you and the government should
8    legitimately be concerned that Mr. Arney has prior
9    convictions when you are trying to determine what
10   sentence is sufficient to punish him and to promote
11   respect for the law and to deter him and others from
12   committing these types of offenses, that you can look
13   to his past and say for a person who has in the past
14   only served 14 months total for their prior criminal
15   convictions, that a sentence of ten years is
16   sufficient, but not greater than necessary to achieve
17   those sentencing goals.
18        I understand that the Court is concerned
19   about, you know, the seriousness of this offense,
20   distributing drugs, and that it's a serious offense
21   that impacts the lives of people who use drugs and
22   the ones that love them.  I know that your Honor has
23   been on the bench for a long time and has seen the
24   drug problem and has sentenced numerous defendants in
25   these cases.

1                I would just submit that, you know, you've had
2        the Sentencing Guidelines now since 1987, a little
3        over 15 years, and the mandatory minimum sentences
4        that Congress passed as part of the legislation that
5        enacted the guidelines, and in imposing these very,
6        very high sentences, in particularly in crack cocaine
7        cases, and the problem persists.  And I think the
8        lesson at some point that's going to be learned is
9        the crack cocaine problem that the country has
10       probably isn't going to be solved through the
11       criminal justice system.  I mean, it hasn't been
12       solved yet.
13               If you look to history as a guide, you can
14       look back at the era of prohibition and look to see,
15       you know, making it illegal to consume alcohol
16       deterred people from using alcohol.  And the answer
17       was clearly, no.  And all it did was create a lot of
18       violence surrounding the distribution of alcohol.
19               Once the prohibition was abolished, you know,
20       you had roughly the same amount of people using
21       alcohol.  They just weren't called criminals.  We now
22       have major corporations that supply that, alcohol, in
23       a controlled setting.  And at some point I believe
24       the country is going to have to come to the point to
25       understand that incarcerating young men for extended

1     periods of time isn't working.  I mean, I understand
2     it's the law.  I understand that you have to apply
3     it.  And I'm not asking you not to apply the law, but
4     I just don't think it's realistic to believe that
5     incarcerating people like Mr. Arney for extended
6     periods of time is going to result in people stopping
7     using crack cocaine.  As long as there's people that
8     want to use it, there's going to be somebody who
9     supplies it.  And that's, you know, our whole economy
10    is built on that proposition, capitalism is built on
11    that proposition.
12          So, I would just ask that if you're not going
13    to give a sentence at the mandatory minimum, that you
14    consider giving a sentence towards the lower end of
15    what is suggested by the United States Sentencing
16    Guidelines.  Thank you.
17          THE COURT:  Thank you, sir.  Mr. Arney, is
18    there anything you'd like to say on your behalf?
19          THE DEFENDANT:  I'd like to apologize to the
20    Court and my loved ones for being in this situation.
21    I would respect any sentence that you give me, your
22    Honor, and would use this -- use this experience to
23    try to make something positive out of myself upon my
24    release.
25          THE COURT:  Thank you.  Mr. Piccinini?

1           MR. PICCININI: Thank you, your Honor. Your
2    Honor, we have argued similar facts in this case now
3    three times today, and the reason why we've done so
4    is in your experience as a Judge, and I in this
5    courtroom, we will see many young men, defendants, in
6    the same situation that Mr. Arney finds himself in
7    today.  And counsel on behalf of the defendant says
8    as long as individuals will use these drugs there
9    will be people out there to supply them.  And he also
10   says that until such time as society recognizes that
11   sending these young men to prison isn't the
12   resolution to the drug problem, you know, that we
13   need to look to somewhere else.
14          But I think that the argument is twisted.
15   That in fact society is based upon civilized people
16   complying with the laws that are on the books.  And
17   it should be no surprise to Mr. Arney or the other
18   two defendants we've had today, that it's long since
19   been unlawful to distribute crack cocaine, a very
20   dangerous drug, to individuals in society.  What
21   ought to be recognized and that young men like Mr.
22   Arney should realize is if they have continue to
23   violate the law, they will serve significant
24   penalties and significant time in federal prison away
25   from members of their family.  Not because of

1   society, but because of their own choices.
2          As you dig deeper into Mr. Arney's criminal
3   history, and you look at how many times society gave
4   him a break, gave him another chance, let's see how
5   he can do in our criminal justice system and see how
6   he responds to it, like we're doing again here today.
7   And as you look at it, set apart from the nature of
8   the convictions, you start in 1996 at the age of 18
9   his possession of drugs, conviction.  He gets
10  sentenced to a lenient sentence and is on probation.
11  Here's your chance, Mr. Arney, you're on probation.
12  All you have to do is comply with simple conditions.
13  What happens?  A probation violation hearing takes
14  place.  After sentencing him, they extend him on
15  probation.  Mr. Arney, here's your chance.  You're
16  arrested.  You're on probation.  Chance number two.
17  You're on probation and again what happens?
18  Probation again.
19         And this man's character for purposes of
20  sentencing, he once again violates his conditions
21  from his second probation, and he is again revoked
22  from probation.  He goes on further into the age of
23  18, second conviction.  This one for falsification.
24  What happens here?  He's placed on probation.  What
25  happens to the probation?  It gets continued.  Second

1  chance again.  What happens after it's continued?  He
2  then violates and has to be revoked.
3       But it goes on, Judge.  At the age of 20 he
4  has this attempted assault on a police officer where
5  the facts are unchallenged, where this young man at
6  the age of 20 punches a law enforcement officer in
7  the chest several times.  And again he's sentenced to
8  two years probation.  What has to happen in terms of
9  the condition of his probation?  It's violated and
10 he's revoked.  Then he's paroled.  Again, here you're
11 in jail, Mr. Arney, but we're going to let you out
12 early and place you on parole.  What happens?  We
13 have to issue an arrest warrant for his failure to
14 report for parole, which results in additional
15 charges.
16      And it goes on, Judge.  It goes on into the
17 age of 24.  This attempted escape charge.  What
18 happens? He's sentenced.  He gets a sentence of six
19 months imprisonment.  He's then released from custody
20 and placed on parole or probation.  And then in June
21 of 2003 they have to issue an arrest warrant for his
22 violation of the conditions of probation.  He's then
23 recommitted.  Sentenced back out on parole, and again
24 he has to be revoked.  And in this instance, he was
25 placed on post release control, which the presentence

1   report indicates that even on post release control he
2   ends up being unfavourably being released from that
3   program.
4        So, this is a defendant who finds himself
5   before the Court with a whole history.  Not just
6   looking at what those crimes were, which included as
7   we've indicated in our papers an escalating serious
8   series of offenses, that he's involved in drug
9   activity, and he moves on here to Erie, Pennsylvania,
10  to engage in a larger scale of drug activity.  And
11  unlike the person who would merely be before this
12  Court for a mandatory minimum, this defendant is not
13  deserving of the minimum.
14       The Sentencing Guidelines are the product of
15  some wisdom, and that wisdom shows that in light of
16  how you're going to consistently treat defendants
17  through the system, to make sure there's not some
18  unfair distance between sentences of similarly
19  situated defendants, you look at all these factors.
20  And when you look at those factors, the guideline
21  calculation that results is wise and reasonable.  And
22  we request a sentence within that guideline range.
23  Thank you.
24       THE COURT:  Thank you, Mr. Piccinini.  Well,
25  what bothers me here, Mr. Arney, as much as anything,

1   I mean the whole thing is bad, but 11 arrests, nine
2   convictions since you were 18, but also your high
3   school record.  Most of the young people that come in
4   here on drug offenses are pretty dumb.  But you were
5   in the top third of your class.  Top third of a class
6   that was over 1,600 students.  And that would
7   indicate to me that you've got a potential to make
8   something of yourself.  But I can't disregard the
9   point that Mr. Piccinini has just made.
10          Mr. Patton, is there any reason sentence
11  should not be imposed at this time?
12          MR. PATTON:  No, sir.
13          THE COURT:  Mr. Arney?
14          THE DEFENDANT:  No, sir.
15          THE COURT:  Mr. Piccinini?
16          MR. PICCININI:  No, your Honor.
17          THE COURT:  After consulting the Sentencing
18  Guidelines, it is the judgment of the Court that the
19  defendant, Rashaan Lateef Arney, is hereby committed
20  to the custody of the Bureau of Prisons to be
21  imprisoned for a term of 160 months.  Upon release
22  from imprisonment, the defendant shall be placed on
23  supervised release for a term of five years.  Within
24  72 hours of release from the custody of the Bureau of
25  Prisons, the defendant shall report in person to the

```
1        Probation Office in the district to which the
2        defendant is released.
3              While on supervised release, the defendant
4        shall not commit another federal, state or local
5        crime; shall comply with the standard conditions of
6        supervision that have been recommended by the
7        Sentencing Commission, and adopted by this Court; and
8        shall also comply with the following additional
9        conditions:
10             The defendant shall not illegally possess a
11       controlled substance.
12             The defendant shall not possess a firearm or
13       destructive device.
14             The defendant shall participate in a program
15       of testing, and if necessary, treatment for substance
16       abuse as directed by the probation officer, until
17       such time as the defendant is released from the
18       program by the probation officer.  Further, the
19       defendant shall be required to contribute to the
20       costs of services for any such treatment in an amount
21       determined by the probation officer, but not to
22       exceed the actual cost.  The defendant shall submit
23       to at least one drug urinalysis within 15 days of
24       being placed on supervision and at least two periodic
25       tests thereafter.
```

```
 1              The defendant shall cooperate in the
 2     collection of DNA as directed by the probation
 3     officer.
 4              The Court finds that the defendant does not
 5     have the ability to pay a fine.  The Court will waive
 6     the fine in this case due to the defendant's
 7     inability to pay.
 8              It is further ordered that the defendant shall
 9     pay to the United States a special assessment in the
10     amount of $100 which shall be paid to the U.S.
11     District Court Clerk forthwith.
12              We believe that a sentence of 160 months
13     followed by five years of supervised release
14     adequately addresses the nature and circumstances of
15     this offense, as well as the history and background
16     of the defendant.
17              In imposing this sentence, we have considered
18     the kinds of sentences available and the sentencing
19     range set forth in the guidelines, including any
20     relevant policy statements issued by the Sentencing
21     Commission.
22              This sentence takes into account the need to
23     avoid any unwarranted disparities in sentencing among
24     defendants with similar records who have been found
25     guilty of similar conduct.
```

1              At the same time, this sentence reflects the
2    seriousness of this offense and provides just
3    punishment for it; and also promotes respect for the
4    law and affords adequate deterrence to the criminal
5    conduct while protecting the public from further
6    crimes by this defendant.
7              In addition, the sentence will provide that
8    the defendant be enrolled in a drug treatment program
9    at whatever institution he's assigned to, and any
10   other educational or vocational training that is
11   available at that institution.
12             Mr. Arney, you have a right to appeal; and an
13   appeal must be filed within ten days; you are
14   entitled to a lawyer at every stage of the
15   proceedings, and if you cannot afford an attorney,
16   one will be provided to you without charge.
17             I don't believe there are any counts to be
18   dismissed.
19             MR. PICCININI:  There are not, your Honor.
20             MR. PATTON:  Your Honor, again we would object
21   to the DNA requirement and supervised release, and
22   also ask that you recommend to the Bureau of Prisons
23   that Mr. Arney be at FCI Elkton, which is close to
24   his home town, to be close to his family
25             THE COURT:  We will make the recommendation

```
 1          with respect to the placement, and we'll deny the
 2          objections with respect to the DNA.
 3                  (At which time, 1:50 p.m., the proceedings
                     were concluded.)
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1  C E R T I F I C A T I O N

3  I, Denice A. Grill, RMR, a Court Reporter and
4  Notary Public in and for the Commonwealth of Pennsylvania,
5  do hereby certify that the foregoing is a true and accurate
6  transcript of my stenographic notes in the above-captioned
7  matter.

10  _____
11  Denice A. Grill, RMR
12  Registered Merit Reporter

15  DATED: _____