REDACTED TRANSCRIPT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                    CRIMINAL NO. 05-21 ERIE

RASHAAN LATEEF ARNEY

CHANGE OF PLEA

Proceedings held before the HONORABLE

MAURICE P. COHILL, JR., Senior U.S. District

Judge, in Courtroom A, U.S. Courthouse, Erie,

Pennsylvania, on Monday, December 5, 2005.

APPEARANCES:
MARSHALL J. PICCININI, Assistant United States
Attorney, appearing on behalf of the Government.

THOMAS W. PATTON, Assistant Federal Public

Defender, appearing on behalf of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1          P R O C E E D I N G S

2

3          (Whereupon, the Change of Plea proceedings began at

4    2:30 p.m., on Monday, December 5, 2005, in Courtroom A.)

5

6          THE COURT:  I understand, Mr. Patton, Mr. Arney has

7    indicated a desire to enter a plea of guilty today?

8          MR. PATTON:  That is correct, your Honor.

9          THE COURT:  Would you gentlemen all come forward,

10   please.

11          Before accepting your guilty plea, Mr. Arney, there

12   are a number of questions that I'm going to want to ask you to

13   assure that this is valid plea, including some about the

14  offense itself.  If you do not understand any of the questions

15  or at anytime wish to consult with Mr. Patton, please say so,

16  because it is essential to a valid plea that you understand

17  each question before you answer it.  Do you understand that?

18      THE DEFENDANT:  Yes, sir.

19      THE COURT:  Would you administer the oath, please.

20      THE CLERK:  Raise your right hand.

21      (Whereupon, the Defendant, RASHAAN ARNEY, was

22  sworn.)

23      THE COURT:  Do you understand that now that you have

24  been sworn, your answers to my questions are now being given

25  under oath, that you will be subject to the penalties of


3


1  perjury or of making a false statement if you don't answer

2  truthfully?

3      THE DEFENDANT:  Yes.

4      THE COURT:  Would you state your full name for the

5  record, please?

6      THE DEFENDANT:  Rashaan Lateef Arney.

7      THE COURT:  What is your date of birth?

8          THE DEFENDANT:  X/XX/78.

9          THE COURT:  What was your last address?

10         THE DEFENDANT:  Erie, PA.

11         THE COURT:  In Erie?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  How far did you go in school?

14         THE DEFENDANT:  I made it to the 12th grade, but I

15   didn't graduate, I got my GED.

16         THE COURT:  Okay.  You have a GED, but you didn't

17   graduate, even though you were in the 12th grade, is that

18   right?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Mr. Patton, have you been able to

21   communicate with your client in the sense that you believe he

22   understands you and you understand him?

23         MR. PATTON:  Yes, sir.

24         THE COURT:  Mr. Arney, are you currently or have you

25   recently been under the care of a physician or a psychiatrist?


4


1          THE DEFENDANT:  No, sir, your Honor.

2          THE COURT:  Have you been hospitalized or treated

3  for narcotic addiction?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  Have you been hospitalized or treated

6  for alcohol abuse?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  Have you been hospitalized or treated

9  for any sort of mental illness?

10          THE DEFENDANT:  No.

11          THE COURT:  Are you under the influence of any

12  narcotic drug, medicine, pills or alcoholic beverage today?

13          THE DEFENDANT:  No.

14          THE COURT:  Have you taken any drugs, medicine or

15  pills or drunk any alcoholic beverages in the past 24 hours?

16          THE DEFENDANT:  No.

17          THE COURT:  How do you feel physically and mentally

18  right now?

19          THE DEFENDANT:  I'm mentally sound, your Honor.

20          THE COURT:  I couldn't hear you?

21          THE DEFENDANT:  I said I'm mentally sound, your

22  Honor.

23          THE COURT:  Physically you feel okay?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  You clearly understand what's happening


                              5


1  now?

2          THE DEFENDANT:  Yes, I do.

3          THE COURT:  Does either of the attorneys have any

4  doubt as to Mr. Arney's competence to plead at this time?

5          MR. PATTON:  No, sir.

6          MR. PICCININI:  No, your Honor.

7          THE COURT:  Based on the answers to the foregoing

8  questions, we find that Mr. Arney is competent to plead.  Have

9  you had an ample opportunity to discuss your case with Mr.

10  Patton?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Have you told him all the facts in

13  connection with the charges?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Are you satisfied with the job that he's

16  done for you?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  I want to go over with you just what

19   your constitutional rights would be if the case were to go to

20   trial, Mr. Arney.  First of all, do you understand that under

21   the Constitution and the laws of the United States, you are

22   entitled to a speedy and public trial by a jury on the charges

23   contained in the Indictment?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Do you understand that you have the

6

1   right to an attorney at every stage of the proceedings in your

2   case, and that if at anytime you can't afford an attorney, one

3   will be provided for you without charge?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand that at your trial you

6   would be presumed to be innocent, and the government would be

7   required to prove you guilty by competent evidence and beyond a

8   reasonable doubt to the satisfaction of the judge and a

9   unanimous jury?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you understand that being presumed to

12    be innocent means that you would not have to prove that you

13    were innocent?

14            THE DEFENDANT:  Yes, sir.

15            THE COURT:  Do you understand that at the trial the

16    witnesses for the government would have to come to court and

17    testify in your presence, and your attorney or you could

18    cross-examine the witnesses for the government, object to

19    evidence offered by the government and offer evidence on your

20    behalf?

21            THE DEFENDANT:  Yes, sir.

22            THE COURT:  Do you understand that at the trial you

23    would be entitled to compulsory process to call witnesses, that

24    is, you could subpoena witnesses and compel them to come to

25    court to testify for you?

7

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Do you understand that at the trial, you

3    would have the right to testify if you choose to do so, but you

4    would also have the right not to testify, and no inference or

5    suggestion of guilt could be drawn from the fact that you did

6   not testify?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  If you enter a plea of guilty today, do

9   you understand that you will waive your right to a trial, and

10  the other rights I have just described, and there will not be a

11  trial of any kind, and I will enter a judgment of guilty and

12  sentence you on the basis of your guilty plea after considering

13  a presentence report?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  If you do enter a plea of guilty today,

16  do you understand that you will also have to waive your right

17  not to incriminate yourself since I will ask you questions

18  about what you did in order to satisfy myself you are guilty,

19  and you will have to knowledge your guilt on the record?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Do you understand that any statements

22  regarding the offense that you may have made to the United

23  States Attorney during the course of any plea negotiations

24  could not be used against you in a trial of this case?

25         THE DEFENDANT:  Yes, sir.

1        THE COURT:  Having discussed these rights with you,

2   do you still wish to enter of a plea of guilty today?

3        THE DEFENDANT:  Yes, sir.

4        THE COURT:  Have you received a copy of the

5   Indictment that was filed here?

6        THE DEFENDANT:  Yes, sir.

7        THE COURT:  Just so it's clear that we have gone

8   over this on the record, I'm going to read it aloud, it's not

9   long.  This states that "the grand jury charges:  On or about

10  November 9, 2004, in the County of Erie, in the Western

11  District of Pennsylvania, the defendant, Rashaan Lateef Arney,

12  did knowingly, intentionally and unlawfully possess with the

13  intent to distribute and distribute 50 grams or more of a

14  mixture and substance containing a detectable amount of cocaine

15  base, in the form commonly known as crack, a Schedule II

16  controlled substance.  In violation of Title 21, United States

17  Code, Sections 841(a)(1) and 841(b)(1)(A)(iii)."

18        Now, that's the charge, do you understand that?

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  Now, I want to go over with you now just

21  what the possible penalties here are.  And in every criminal

22  case we worry about two different kinds of sentencing factors.

23  One is what the statute itself says and the other is what's

24  called the advisory Sentencing Guidelines, do you understand

25  that?

9

1          THE DEFENDANT:  Yes.

2          THE COURT:  Now, first, I'm going to tell you what

3  the statute says, and then secondly we'll talk about how the

4  Sentencing Guidelines may apply.  First of all, the statute

5  calls for a term of imprisonment of not less than 10 years to a

6  maximum of life.

7          A fine not to exceed $4 million.

8          And a term of supervised release of at least five

9  years.  Now, are we worried about a second or third conviction

10  here?

11          MR. PICCININI:  I don't believe so, your Honor.

12          THE COURT:  There are increased penalties for more

13  than one drug conviction.  But I won't go over that if the

14  government is not going to follow-up on that.  We're also

15  required to impose a special assessment of $100, we're not

16  allowed to waive that.  We have to impose that.

17        Now, have you and Mr. Patton talked about how the

18  Sentencing Guidelines might apply in your case?

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  As I said before, the Supreme Court has

21  said that those are advisory only, we're not required to follow

22  them, but we're supposed to, the courts are supposed to

23  consider them.  So do you understand that I won't be able to

24  determine the guideline sentence for your case until after the

25  presentence report has been completed and you and the


                                10


1  government have had an opportunity to challenge any facts you

2  might disagree with that had been reported by the probation

3  officer?

4        THE DEFENDANT:  Yes, your Honor.

5        THE COURT:  Do you understand that the sentence

6  might be different from what your attorney or the United States

7  Attorney predicted?

8        THE DEFENDANT:  Yes, sir.

9         THE COURT:  Do you understand that after it has been

10   determined what guideline applies to a case, the judge has the

11   authority in some circumstances to impose a sentence that is

12   more severe or less severe than the sentence called for by the

13   guidelines?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you understand that under some

16   circumstances you or the government may have the right to

17   appeal any sentence that I might impose?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you understand that parole has been

20   abolished and that if you are sentenced to prison, you will not

21   be released on parole?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Mr. Arney, has anyone threatened you or

24   anyone else or forced you in any way to plead guilty in this

25   case?


11


1         THE DEFENDANT:  No.

2         THE COURT:  Have you made any confession or

3  admissions to the police or any other representative of the

4  government concerning this matter; Mr. Patton?

5        MR. PATTON:  He made some statements.  I don't think

6  they were particularly inculpatory, but he has made statements.

7        THE COURT:  If, for any reason, you feel any

8  confession or admission or statement you made was not freely

9  and voluntarily made, you are entitled to have an evidentiary

10  hearing, what we sometimes call a suppression hearing, prior to

11  trial to have the court determine if the confession or

12  admission or statement was freely and voluntarily made.  Would

13  you like me to conduct a hearing like that?

14        THE DEFENDANT:  No, your Honor.

15        THE COURT:  Has there been a plea agreement entered

16  into?

17        MR. PICCININI:  There has not, your Honor.

18        MR. PATTON:  Your Honor, I do believe you did not go

19  over the elements of the offense with Mr. Arney, I believe we

20  skipped over that.

21        THE COURT:  In any criminal case, Mr. Arney, the

22  government has so-called elements of a crime that they're

23  required to prove if the case goes to trial.  On Count One in

24  this case, the government would have to prove that on or about

25  the date set forth in the Indictment, that on or about November

12

1  9, 2004, that you distributed or possessed with the intent to

2  distribute the controlled substance charged in the Indictment.

3       And, secondly, that you did so knowingly and

4  intentionally.

5       Thirdly, they'd have to prove that cocaine base is a

6  Schedule II controlled distance pursuant to Title 21, United

7  States Code, Section 812(c), Schedule II(a)(4).

8       And, fourth, that the mixture or substance

9  containing a detectable amount of cocaine base, which was 50

10  grams or more.  And, of course, knowingly means that that

11  wasn't a mistake, that you knew what the mixture and substance

12  was.  And intentionally means it wasn't by mistake or

13  inadvertence, that you did intend to do this knowingly and

14  intentionally, do you understand that?

15      THE DEFENDANT:  Yes.

16      THE COURT:  Mr. Arney, has anyone threatened you or

17  anyone else or forced you in any way to indicate you want to

18  plead guilty in this case?

19          THE DEFENDANT:  No, your Honor.

20          THE COURT:  Has he made any confession or admissions

21  to the police or other representatives concerning this matter?

22          MR. PATTON:  He has, your Honor, we've gone through

23  that part.

24          THE COURT:  Okay.

25          MR. PATTON:  We just established there was not a


13


1  plea agreement in this case.

2          THE COURT:  Mr. Arney, has anyone promised or

3  predicted leniency with respect to any sentence I might impose?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  This is very important because if anyone

6  has predicted or promised leniency, I am putting you on notice

7  right now that any representation they may have made is not

8  binding on me, and I will sentence you according to my own

9  conscience and following the law.  Do you completely understand

10  this?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Why did you decide to plead guilty, Mr.

13  Arney?

14          THE DEFENDANT:  There wasn't no way else out of it,

15  sir.

16          THE COURT:  I'm going to ask Mr. Piccinini what the

17  government would expect to be able to prove here, and then ask

18  Mr. Patton and you if you agree with his statement of what

19  happened here.

20          MR. PICCININI:  Thank you, your Honor.  If this

21  matter proceeded to trial, the government would provide

22  testimony from the members of law enforcement and the EAGLE

23  Task Force and a cooperating informant who worked with the

24  EAGLE Task Force on November 9, 2004.  At such time in the

25  course of contacting Rasheen Arney on his telephone and

14

1  indicated that he wanted a deuce, which to the parties means

2  two ounces of crack cocaine.  Mr. Arney indicated the price for

3  the two ounces would be $1,900.  The cooperating source

4  negotiated the price down to $1,850, claiming that's all the

5  money the source had on their person.  A controlled purchase

6  was then set up.  The cooperating source was implemented with a

7   recording device, which recorded both audio and video as best

8   it could of the transaction.

9        The parties were scheduled to meet in the vicinity

10  of 28th and Wallace here in the city, 28th and Wayne here in

11  the city of Erie.  Mr. Arney called back and indicated that he

12  had not arrived yet because he was waiting for a ride.  EAGLE

13  Task Force members maintained surveillance in the area of where

14  the meeting was supposed to have taken place.  The defendant

15  eventually arrived by way of Yellow cab.  Surveillance officers

16  were able to take photographs of Mr. Arney leaving the cab,

17  going to the location where the delivery took place and

18  returning to the cab.

19        The information then provided by the cooperating

20  source is after the meeting took place, was that Mr. Arney had

21  sold him approximately, or her approximately two ounces of

22  crack cocaine.  This was consistent with the information that

23  was provided on the recordings for both audio and video.

24        The evidence was sent to the Pennsylvania State

25  Police crime laboratory and Forensic Scientist II Brett Baylor

15

1    analyzed the evidence and indicated it included 54.7 grams of

2    cocaine base.  The testimony would show it was in the form

3    commonly known as crack cocaine, and was consistent with being

4    possessed with intent to distribute and was distributed.

5          THE COURT:  Is that an accurate statement of what

6    happened here, Mr. Arney?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  And is that consistent with your

9    understanding, Mr. Patton?

10          MR. PATTON:  Yes, sir.

11          THE COURT:  Reviewing all these things that we've

12    discussed here today, Mr. Arney, is it still your wish to enter

13    a plea of guilty and waive your right to a trial by jury?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Mr. Patton, over what period of time

16    have you consulted with the defendant?

17          MR. PATTON:  Since August of this year, your Honor.

18          THE COURT:  From the facts he has told you, do you

19    concur in his plea of guilty?

20          MR. PATTON:  Yes, sir.

21          THE COURT:  Do you know of any reason why he should

22  not plead guilty?

23        MR. PATTON:  No, sir.

24        THE COURT:  Do you have any questions to ask me, Mr.

25  Arney?


                              16


1         THE DEFENDANT:  No, sir.  No, your Honor.

2         THE COURT:  Since you do acknowledge you are in fact

3  guilty as charged in Count One of the Indictment, and based on

4  our discussion today, I find that you know your right to a

5  trial, what the maximum possible punishment is, and that you

6  are voluntarily pleading guilty.  I will accept your guilty

7  plea and enter a judgment of guilty on your plea.  I'm going to

8  order a presentence report here, Mr. Arney, and I've been given

9  a sentencing date -- first of all, we'll ask you to sign the

10  endorsement.

11        (Whereupon, the Change of Plea was executed by the

12  Defendant and Defense Counsel.)

13        THE COURT:  We note that Mr. Arney has signed the

14  endorsement indicating he's now withdrawing his plea of not

15  guilty previously entered and is now pleading guilty today.

16          I've been given a sentence date of March 13, 2006,

17   at 1:30 p.m.  March 13, 2006 at 1:30 in this courtroom.

18   Anything further today?

19          MR. PICCININI:  No, your Honor.

20          MR. PATTON:  No, your Honor.

21          THE COURT:  Court's in recess.

22

23          (Whereupon, at 2:48 p.m., the Plea proceedings were

24   concluded.)

25                    - - -


                                17


1          C E R T I F I C A T E

2

3

4      I, Ronald J. Bench, certify that the foregoing is a

5   correct transcript from the record of proceedings in the

6   above-entitled matter.

7

8

9

10  _____

11  Ronald J. Bench

12

13

14

15

16

17

18

19

20

21

22

23

24

25