NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2067
_____

UNITED STATES OF AMERICA

v.

RASHAAN LATEEF ARNEY,
                Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00021E)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2007

Before: RENDELL, FUENTES and CHAGARES, Circuit Judges.

(Filed: September 25, 2007)
_____

OPINION OF THE COURT
_____

RENDELL, *Circuit Judge*.

I.

Rashaan Arney appeals from the sentence imposed by the District Court of 160 months of incarceration after Arney pled guilty to one count of distributing and

possessing with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). In particular, Arney claims that this sentence is unreasonable because the District Court believed that it lacked the discretion to impose a sentence outside of the advisory Guidelines range and/or improperly treated the advisory Guidelines as presumptively reasonable. For the reasons that follow, we will affirm the sentence imposed by the District Court.

## II.

Arney was arrested for distributing 54 grams of cocaine to a confidential informant. He was subsequently indicted by a federal grand jury and charged with intent to distribute 50 grams or more of cocaine. On December 5, 2005, Arney pled guilty to one count of distributing and possessing with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). At Arney's hearing, the District Court informed Arney that his sentence carried a statutory minimum term of ten years imprisonment and five years supervised release. Also at this time, the District Court informed Arney that when circumstances warrant, a judge has the ability to impose a sentence that is more or less severe than the sentence suggested by the Sentencing Guidelines.

Because of the crime committed, Arney's subsequent acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) & (b), and Arney's five prior offenses, his Guidelines sentencing range was 140 to 175 months imprisonment. The District Court considered several of the factors found in 18 U.S.C. § 3553(a) and determined that 160 months was

an appropriate sentence in this case.

### III.

We review the overall sentence for reasonableness. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2006) (citing *United States v. Booker*, 543 U.S. 220, 260-63 (2005)). Arney argues that the 160 month term of imprisonment is unreasonable because the District Court erroneously believed that it lacked discretion to impose a sentence outside the advisory Guidelines range and/or treated the advisory Guidelines range as presumptively reasonable. We disagree. The record reflects that the District Court clearly understood that the Sentencing Guidelines are advisory and that it was required to calculate the Guidelines range, but was not bound to sentence Arney within that range. The Court stated that "[i]n the wake of the recent decision by the United States Supreme Court in *United States v. Booker*, the Sentencing Guidelines are now advisory only." Sent. Hr'g. Tr. 2, March 13, 2006. Furthermore, the District Court properly considered the factors found in 18 U.S.C. § 3553(a), complying with this Court's decision in *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). The record also establishes that the District Court "gave meaningful consideration" both to the §3553(a) factors and to "sentencing grounds properly raised by the parties which have recognized legal merit and factual support." *Id.* at 329, 331. Finally, the District Court provided detailed reasons for the sentence imposed. Therefore, Arney's argument that his sentence is unreasonable fails.

Arney also argues that the special condition placed on his supervised release requiring him to submit DNA samples as directed by his Probation Officer amounts to a unconstitutional search that violates his Fourth Amendment right to protection from unlawful search and seizure. We explicitly rejected this argument in *United States v. Sczubelek,* 402 F.3d 174 (3d Cir. 2005). Arney's constitutional challenge to this aspect of his sentence therefore fails.

## IV.

For the foregoing reasons, we will affirm the sentence imposed in the Judgment and Commitment Order of the District Court.